**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MARIO ALBERT VILLEGAS,

　　　　Defendant - Appellant.

No. 25-132

D.C. No.
1:14-cr-00038-SPW-9

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 18, 2025[**]

Before:　　CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

　　Mario Albert Villegas appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United*

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2). Villega's request for oral argument is denied.

*States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

Villegas contends that the district court should have granted his motion because he is serving an "unusually long sentence," and a change in law since his sentencing has lowered the applicable mandatory minimum. As the district court explained, however, this change in law did not constitute an extraordinary and compelling reason for relief because Villegas's sentence was driven by his Guidelines range, which was significantly higher than even the longer mandatory minimum. *See* U.S.S.G. § 1B1.13(b)(6) (a defendant serving an "unusually long sentence" may establish an extraordinary and compelling reason for a sentence reduction based on a change in law, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed").

Even if Villegas had extraordinary and compelling reasons for a sentence reduction, the district court determined that the 18 U.S.C. § 3553(a) factors did not support relief. *See Wright*, 46 F.4th at 947-48 (district court may deny relief under the § 3553(a) factors alone). The court did not abuse its discretion in concluding that Villegas's low-end sentence "remaine[d] appropriate" given the nature of his offense, his "horrendous criminal history," and the risk of recidivism.

**AFFIRMED.**

25-132